## Commonwealth ex rel. Crawford v. Hershey.

*Parent and child—Custody of child—Rights of mother—Habeas corpus.*

1. Persons who have taken a child to board under an agreement on the part of the mother of the child to pay for its board and clothing, cannot retain the child against the wishes of the mother, if it appears that the latter has kept the contract, that she is of financial ability to support the child, and not an improper person for its custody.

2. The fact that the mother at the time she demanded the child back had become a resident of another state is immaterial.

*Habeas corpus.* C. P. Cambria Co., Dec. T., 1924, No. 421.

*Donald E. Dufton,* for petitioner; *Harry Doerr,* for respondent.

McCANN, J., Nov. 7, 1924.—Victoria Crawford, the mother of Margaret Mary Crawford, presented her petition in the Court of Common Pleas of this county for a writ of *habeas corpus,* directed against Fred Hershey, for the purpose of obtaining possession of Margaret Mary Crawford, her four-year old daughter.

Upwards of three years ago, Victoria Crawford, who was then known as Victoria Croyle, separated from her husband in this county, and at that time her child, Margaret Mary Crawford, was a mere infant. She caused an advertisement to be inserted in the Johnstown papers for a home for the child. Fred Hershey and his wife, who now have the custody of the child, read the advertisement and agreed with the mother to keep the child for the sum of $5 per week, the mother to pay the expenses of clothing, shoes, doctor bills, etc., in addition to this amount. The child remained in the possession of the Hersheys from that time until the present, with the exception of a few weeks that it was in the custody of the petitioner at her home in Minneapolis, Minnesota. She paid the Hersheys in full, according to her contract, for the keeping of the child, and also furnished clothing, shoes and paid any doctor bills contracted. The Hersheys demanded pay at all times for the keeping of the child. Some time ago the petitioner demanded the return of the child, and she had possession of it for about two weeks in Minneapolis. Then she allowed the Hersheys to take the child with them on a trip to Boston, and they were to return it to her after the trip was concluded. They have not returned the child to the petitioner and now refuse to do so, alleging that she is an improper person to have custody of the child. When she came to obtain possession of the child, in June of this year, a few months ago, she was arrested and confined in the city lockup on a charge of disorderly conduct. It does not appear, however, that this was at the instance of the Hersheys, although they

refused to give her the child when she demanded it. None of the allegations as to the bad reputation of the petitioner have been sustained by testimony.

In our mind, there is absolutely no doubt that the petitioner is entitled to the custody of her child. She entered into a contract to pay its boarding and maintenance, and she kept the contract to the letter, paying every dollar she owed. The testimony shows that she is earning forty dollars per week and is able to maintain her child in a suitable manner. We at first hesitated to award the custody of the child to the mother because of the fact that she lived outside of the jurisdiction of this court, and we had intended to award the custody of the child to its grandparents, who live in Westmoreland County, but, after taking up the matter with the other members of the court, we are satisfied that the proper custodian of the child is the mother, and that she is entitled to its possession.

And now, Nov. 7, 1924, the custody of Margaret Mary Crawford is awarded to the petitioner, Victoria Crawford, her mother, and the respondent, Fred Hershey, is directed forthwith to deliver the custody of the said child to the petitioner; the respondent to pay the costs of this proceeding.

From Henry W. Storey, Jr., Johnstown, Pa.